Jult L. Hammalle et al., Appellees, v. Lafe Lebensberger, Appellant.

Gen. No. 5,805.   (Not to be reported in full.)

Appeal from the Circuit Court at La Salle county; the Hon. Edgar Eldredge, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed July 31, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Bill by Jult L. Hammalle and Thomas Tully against Lafe Lebensberger and others to set aside an execution sale and a certificate of sale executed to the defendant as a purchaser at said sale. Issues of fact were joined and the case was submitted to the master to take proofs and report. The master reported the proofs taken by him with a recommendation that a decree be entered as prayed in the bill. Objections and exceptions were filed and passed upon by the court and decree was entered granting the relief prayed. To reverse the decree, defendant Lebensberger appeals.

JAMES J. CONWAY, for appellant.

E. J. KELLY, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. HOMESTEAD, § 114*—*title of purchaser at execution sale.* A purchaser at an execution sale of homestead property worth less than one thousand dollars, without the homestead being set off as provided by law, acquires no title or right, legal or equitable, in or to the property.

2. STATUTES, § 270*—*when pleading of statute sufficient.* A bill to set aside as a cloud on title an execution sale and a certificate of sale issued pursuant thereto, on the ground that the sale was of homestead property of a value less than one thousand dollars, need not plead the homestead exemption statute other than by apt words to show that the aid of the statute is invoked.

3. QUIETING TITLE, § 90*—*when insufficiency of bill cannot be complained of on review.* On appeal from a decree setting aside as a cloud on title an execution sale of a homestead estate and a certificate of sale issued pursuant thereto, on the ground that the value of the homestead interest was less than one thousand dollars, defendant cannot complain that the complainants' bill did not aver that the value of the homestead interest was less than

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

such amount, where the allegation on the bill as to value was by inference only, but defendant understood it, and both parties introduced evidence on that issue and the defendant did not raise the objection in the trial court.

4. QUIETING TITLE, § 87*—*when decree as to cost proper.* In an action to set aside as a cloud on title an execution sale and a certificate of sale executed to the purchaser at such sale a decree granting relief and ordering the purchaser and the judgment creditor to pay the costs, *held* not erroneous as requiring the purchaser to pay cost, where he purchased at such sale with record notice of complainants' title to the premises.

5. QUIETING TITLE, § 81*—*sufficiency of decree.* A decree setting aside as a cloud on title an execution sale and a certificate of sale issued to defendant as a purchaser at such sale *held* not erroneous, for the reason that it declared the judgment void as against the judgment debtors who were not made parties to the suit, where the decree finds the judgment and proceedings under it void and of no effect "as against complainants," and the order further states that they be set aside as a cloud upon the title of complainants.

6. APPEAL AND ERROR, § 1696*—*when objection to master's conclusions waived.* An objection that the master had no authority to report his conclusions for the reason that the reference only required him to report the evidence, *held* waived where the appellant appeared before the master and the court with objections and exceptions to the report without raising such question.

7. APPEAL AND ERROR, § 1432*—*when want of authority of master to report conclusions harmless.* An objection that the master was not authorized by the reference to report his conclusions is immaterial where the decree was based on the findings of the court from the evidence reported by the master.